IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRIS PALMER and BEVERLY CRAMTON PALMER,<br><br>Plaintiffs,<br><br>v.<br><br>NATURMED, INC., et al..,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2:17-cv-471-MHT-DAB<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

This matter is before the court on the Motion to Remand (Doc. 5) filed by Plaintiffs, Chris Palmer and Beverly Cramton Palmer. The motion seeks an order remanding this action to the Circuit Court of Montgomery County, State of Alabama, Case No. 03-CV-2017-900922.00. In support, the movants state they seek less than $50,000, and thus the amount in controversy for federal court jurisdiction cannot be met. Removing Defendant, Naturmed, Inc. d/b/a the Institute for Vibrant Living, ("Naturmed") does not oppose the request to remand based upon Plaintiffs' stipulation the cumulative of all damages Plaintiffs seek does not exceed $50,000. (Doc. 11). Defendant, Bactolac Pharmaceutical, Inc., ("Bactolac") has not filed a response to the motion, and the time for filing a response has expired. *See* (Doc. 8).

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31

1

F.3d 1092, 1095 (11th Cir. 1994). A federal district court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Therefore, a federal court is obligated to inquire into subject matter jurisdiction "at the earliest possible stage in the proceedings." *Id.* at 410. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

Plaintiffs initiated this lawsuit by the filing of a two-count complaint against Defendants in Montgomery County Circuit Court in June 2017. (Doc. 1-3). The Complaint asserts claims for negligence and under Alabama's Extended Manufacturer's Liability doctrine arising out of the Defendants' manufacture and sale of a product called All Day Energy Greens Fruity, Powdered Green Drink. *Id.* Plaintiff Chris Palmer claims personal injuries from his ingestion of the product, and his wife, Beverly Cramton Palmer, asserts a claim for loss of consortium. *Id.*

The case was initially removed to this court by the Defendant Naturmed pursuant to 28 U.S.C. § 1441 and 1446, invoking the court's jurisdiction under 28

U.S.C. § 1332.[1]  *See* (Doc. 1 at 1).  On July 19, 2017, the Plaintiffs moved to remand. (Doc. 5).  Specifically, Plaintiffs contend their state court complaint sought $50,000 or less in damages, and thus they argue the requirements for federal court jurisdiction have not been met.  *Id.* at 2.  As noted by Naturmed's response, the state court complaint alleged "[t]he matters in dispute, exclusive of costs, *exceed* the minimum jurisdictional requirements of this Court."  (Doc. 1-3, ¶ 4) (emphasis added).  The minimum jurisdictional amount for state court is $50,000, and the complaint sought more than, not less than, that amount.  The complaint, however, gave no further specifics as to the amount of damages sought, and the Plaintiffs have now stipulated the cumulative of all damages they seek does not exceed $50,000.  *See* (Doc. 11-1).

Moreover, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  A review of the complaint reveals the facts alleged do not support an amount in controversy to satisfy the jurisdictional requirements of this court.  Plaintiffs alleged Chris Palmer suffered "significant gastrointestinal distress."  (Doc. 1-3, ¶ 8).  Without more, Plaintiffs' allegations do not appear to support this court's jurisdictional amount in controversy requirement.  Plaintiffs do

---

[1] In pertinent part, 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

not allege permanent injuries or any details about the amount of past or future medical expenses. The absence of these types of allegations, coupled with Plaintiffs' stipulation, supports remand.

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiffs' Motion to Remand (Doc. 5) be **granted**, and this case be remanded to the Circuit Court of Montgomery County, State of Alabama, Case No. 03-CV-2017-900922.00. It is further **recommended** that the Clerk be directed to terminate all pending motions and to close the case.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before August 25, 2017. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles*

*v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 10th day of August 2017.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE